UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 1:08-CV-81-TS ) |
| BUNKER AIRCRAFT MANAGEMENT, INC., an Indiana corporation; KRUSE, INC., an Indiana corporation; and DEAN V. KRUSE, a resident and citizen of Indiana, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Set Aside Default Judgment [DE 49], filed on July 20, 2010.

On March 27, 2008, the Plaintiff filed its Verified Complaint [DE 1] alleging that Defendant Bunker Aircraft Management, Inc., had defaulted on its debt repayment obligations and that Defendants Kruse, Inc., and Dean Kruse had failed to honor their guaranties of Bunker's obligations arising under an aircraft security agreement, promissory note, and guaranty that were entered into for the purchase of a 1985 Cessna jet aircraft. The Plaintiff submitted Affidavits of Service indicating that the Defendants were each served with the Verified Complaint and related documents on March 28, 2008. The Defendants failed to plead or otherwise defend in this matter, and upon Plaintiff's Application a Clerk's Entry of Default was entered on February 5, 2010. On February 12, the Court granted the Plaintiff's Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b), and ordered that judgment be entered in favor of the Plaintiff, General Electric Capital Corporation and against the Defendants, Bunker Aircraft Management, Inc., Kruse,

Inc., and Dean V. Kruse, jointly and severally, in the amount of One Million Six Hundred Eighty-Three Thousand Seventy-Seven and 40/100 Dollars ($1,683,077.40) as of February 1, 2010, with an accruing per diem of One Hundred Fifty-Eight and 00/100 Dollars ($158.00).

On March 2, the Plaintiff filed a Verified Motion for Proceedings Supplemental and Summons to Defendants and Garnishee Defendants. The Plaintiff has also filed a Motion for Order of Sale of Stock and for Charge Order. On July 20, counsel entered an appearance for the Defendants and moved to set aside the judgment of default. The parties are scheduled to attend a hearing before Magistrate Judge Christopher Nuechterlein for the proceedings supplemental. The Defendants submit that no further action should be taken by the Court with regard to the enforcement of the judgment until it has ruled on the Motion to Set Aside Default Judgment.

The Defendants present their Motion as one for relief pursuant to Rule 60(b)(1), which provides that "[o]n motion and just terms," a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The motion to vacate "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2). A specialized three-part standard has evolved for Rule 60(b)(1) motions "which squarely places the burden on the moving party to show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citing *Pretzel & Stouffer*, 28 F.3d 42, 45 (7th Cir. 1994) and *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

The Defendants argue that they are entitled to relief from the default judgment because they were represented by counsel at the time the judgment was entered. The Defendants contend that their counsel entered an appearance on June 10, 2008. They are mistaken. Although the Court

allowed corporate counsel for Kruse, Inc., to participate in a telephone conference held on June 10 to advise whether certain records had been recovered and provided to the Plaintiff, she did not enter her appearance on that date or on any subsequent date. There is no indication in the record that Attorney Shannon Kruse was a member of the bar of this court, N.D. Ind. L.R. 83.5, or that she filed a Notice of Appearance. N.D. Ind. L.R. 83.8. The first time that any counsel entered an appearance for the Defendant was in July 2010, more than five months after the entry of default judgment.

As a second ground for relief, the Defendants argue that they were "understandably confused" by the Plaintiff's representation that an appearance would not be necessary if the Defendants voluntarily turned over the aircraft, and by an understanding that the Defendant would thereafter receive money from the sale of the aircraft after amounts owing to the Plaintiff were deducted from the sale price. Any discussion and negotiations to these effects are not before the Court. Further, any impressions the Defendants acted under due to these discussions with counsel do not represent good cause for the default, particularly when the Defendants became aware on February 4, 2010, that the Plaintiff was seeking an entry of default from the Clerk yet did not enter an appearance until July 20, 2010. In fact, on November 9, 2009, before the Plaintiff applied for the entry of default, it sought an order from the Court to enforce a previously entered Stipulated and Agreed Injunction and Order of Replevin. The Defendants failed to defend against this Motion with full knowledge that the Plaintiff was seeking relief under the Complaint and was claiming that the Defendants had not surrendered the aircraft. (Pl's Motion to Enforce Judgment and/or for a Write of Assistance and Write of Attachment 2, DE 28.) Thus, even if the Plaintiff made the purported representations about the need for counsel's appearance, those representations could no longer support the Defendants' failure to defend against the Complaint.

In addition to the above-stated reasons, the Court would not set aside the default judgment because the Defendants have not demonstrated that they had a meritorious defense to the original complaint. The Defendants appear to have deliberately taken a course of action in this lawsuit that did not include the entry of an appearance by counsel and the presentation of a defense to the Plaintiff's claim that they defaulted on payments for an aircraft. Thus, it was proper for the Plaintiff to seek a default judgment and it will not now be disturbed for the reason that matters were not resolved in accordance with the Defendants' understanding of the parties' discussions, which are not properly before this Court.

For the foregoing reasons, the Defendants' Motion to Set Aside Default Judgment [DE 49] is DENIED.[1]

SO ORDERED on July 28, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Because proceedings supplemental to enforce the judgment are scheduled for a hearing on August 3, and because the Plaintiff is not prejudiced by this Court's Order, the Court enters this Opinion and Order without the benefit of a response from the Plaintiff.