UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:08-CV-81-TLS-CAN ) ) |
| BUNKER AIRCRAFT MANAGEMENT, INC., et al. | ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the Court are three motions, including Plaintiff's Third Motion for Release of Garnishment Funds and two others filed in reaction to it. On August 16, 2013, all three motions were referred to the undersigned for a report and recommendation to the extent dispostive matters are involved pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned will address each motion separately below.

**I.    RELEVANT BACKGROUND**

On February 12, 2010, this Court issued a judgment against Defendants, Bunker Aircraft Management, Inc., Kruse, Inc., and Dean V. Kruse (collectively "Defendants"), jointly and severally in the amount of $1,683,077.40 with interest. On April 15, 2011, in subsequent proceedings supplemental, the undersigned issued a garnishment order directing Goldman, Sachs & Co., Inc. ("Goldman Sachs") to pay certain funds held in a brokerage account owned by Dean V. Kruse to the Court for release to Plaintiff in partial satisfaction of the judgment. No Defendant or other depositor claimed that any portion of the funds in the brokerage account were exempt from garnishment pursuant to Ind. Code § 28-9-3-4 and -5.

On April 28, 2011, Goldman Sachs paid certain funds to the clerk of this Court. On April 29, 2011, upon Plaintiff's motion, the Court ordered the funds released and made payable to Plaintiff's counsel. On July 26, 2011, Defendants, Kruse, Inc., and Dean V. Kruse, filed a claim for exemption. Specifically, Dean Kruse asserted a spousal exemption stating that his wife, Kristin McGrade Kruse, was a joint owner of the Goldman Sachs brokerage account who was entitled to half of the funds in the account, which were being garnished under this Court's order. In addition, Dean Kruse asserted a financial hardship exemption to the garnishment order claiming that his family had insufficient disposable income for essentials such as food, housing, and health. On March 30, 2012, at a telephonic conference, the Court denied the requested exemptions as moot without prejudice with leave to refile as appropriate.

On September 21, 2012, Goldman Sachs paid additional funds to the clerk of this Court. On October 9, 2012, upon Plaintiff's second motion for release of garnishment funds, the Court ordered the funds released and made payable to Plaintiff's counsel. Nothing further was filed with this Court until June 5, 2013, when Goldman Sachs deposited additional funds with the clerk of the Court ("the June 2013 funds"). On June 6, 2013, upon Plaintiff's instant third motion for release of garnishment funds, the Court ordered the funds released and made payable to Plaintiff's counsel.

However, on June 7, 2013, non-party Kristin McGrade Kruse, Defendant Dean V. Kruse's wife, filed her motion to intervene in this action based on her alleged interest as a joint owner in the Goldman Sachs brokerage account. On the same date, McGrade Kruse also filed her Objection to Third Motion for Release of Garnishment Funds asking the Court to pay her the Goldman Sachs funds being held by the Court. Because McGrade Kruse's filings challenged the

propriety of releasing the garnished funds to Plaintiff, the Court vacated its order dated June 6, 2013. On July 8, 2013, the Court then granted McGrade Kruse's motion to intervene and allowed the parties additional time to brief McGrade Kruse's objection to Plaintiff's third motion for release of garnishment funds.

On July 15, 2013, before the objection was ripe, non-party NBH Bank, N.A., filed its motion to intervene in this action asserting its right to the funds claimed by McGrade Kruse in her objection to partially satisfy separate judgment granted to NBH Bank in Indiana state court against her and others, including Dean V. Kruse. On July 23, 2013, McGrade Kruse filed her brief in support of her objection to which she attached her Sworn Statement. On August 5, 2013, Plaintiff filed its motion to strike McGrade Kruse's July 23rd brief and her Sworn Statement. Plaintiff's third motion for release of garnishment funds, NBH Bank's motion to intervene, and Plaintiff's motion to strike are now ripe and will be discussed below.

## II. ANALYSIS

### A. Plaintiff's Motion to Strike, Doc. No. 120

On August 5, 2013, Plaintiff filed its motion to strike portions of the "Sworn Statement of Kristin McGrade." An adverse party shall have fourteen days after service of a motion in which to serve and file a response. N.D. Ind. L.R. 7-1(d)(2)(A). Failure to file a response within the time prescribed may subject the motion to summary ruling. N.D. Ind. L.R. 7-1(d)(4). As of this date, neither Defendants, Garnishee Defendant Goldman Sachs, nor Intervener McGrade Kruse has responded to Plaintiff's motion to strike or provided any explanation for their inaction. Consequently, this Court can only assume that Plaintiff's motion is unopposed. Therefore, because Plaintiff has shown good cause and there has been no objection, the undersigned

3

recommends that Plaintiff's motion be **GRANTED** [Doc. No. 120] and the Sworn Statement of Kristin McGrade be **STRICKEN** [Doc. No. 116-2].

## B. Plaintiff's Third Motion to Release Garnishment Funds, Doc. No. 105

On June 5, 2013, Garnishee Defendant Goldman Sachs filed notice of its deposit of additional funds into the Court in compliance with this Court's garnishment order dated April 15, 2011. On June 6, 2013, Plaintiff filed its Third Motion for Release of Garnishment Funds. On June 7, 2013, Intervener Kristin McGrade Kruse filed her Objection to Third Motion for Release of Garnishment Funds. In compliance with this Court's order dated June 12, 2013, McGrade Kruse also filed her Brief in Support of the Objection to Third Motion for Release of Garnishment Funds on July 23, 2013. Plaintiff then filed its response in opposition to McGrade Kruse's objection on August 5, 2013.

In her objection, McGrade Kruse argued that she had a right to the Goldman Sachs funds that were deposited with the Court because she was a joint owner with rights of survivorship in the Goldman Sachs account being garnished. Specifically, McGrade Kruse stated that even though the sums on deposit were all contributed by her husband, Dean Kruse, the account was established as an instrument of marital retirement planning from which she was intended to benefit. As evidence of her claim, McGrade Kruse pointed to facts including that (1) she was thirty years younger than Kruse; (2) she had been involved in the opening of the account; (3) both Kruse's and McGrade Kruse's signatures were required to transfer or withdraw money from the account; and (4) McGrade Kruse had trading authority and securities movement authority that she exercised to manage the account.

Under Indiana law governing joint accounts, a joint account belongs to the parties

4

in proportion to each party's net contributions to the sums on deposit during the lifetime of all parties unless there is clear and convincing evidence of a different intent. Ind. Code Ann. § 32-17-11-17(a). Here, McGrade Kruse admits that funds in the joint Goldman Sachs account were proceeds of stock owned by Kruse. Because the funds deposited into the Goldman Sachs account were owned by Kruse and he remains alive, there is a presumption that he owns all the proceeds in the Goldman Sachs account unless she can establish a contrary intent that the deposits into the account were a gift to McGrade Kruse, an irrevocable trust benefitting McGrade Kruse, or a contractual transfer to McGrade Kruse by clear and convincing evidence. *See Shourek v. Stirling*, 621 N.E.2d 1107, 1109–10 (Ind. 1993); *Hibbard v. Hibbard*, 118 Ind. App. 292, 296, 73 N.E.2d 181, 182 (1947). McGrade Kruse has not provided clear and convincing evidence of such contrary intent.

McGrade Kruse relies on a one-page document from the April 30, 2013, statement of account from the Goldman Sachs account.[1] The document simply shows that Kristin McGrade and Dean Kruse both are authorized agents with trading authority, securities movement authority, viewing authority, and wires authority on the account. The document says nothing explicitly about the intent of the parties regarding ownership of the account. The document does not identify any joint tenants, show the date the account was opened or who opened it, or reference any account requirement that both McGrade Kruse and Kruse sign to authorize any transfer or withdrawal of funds from the account. McGrade Kruse also seems to believe that the

---

[1] McGrade Kruse also submitted her "Sworn Statement" that offered conclusory statements about the intent of the parties. However, the undersigned has recommended that McGrade Kruse's Sworn Statement be stricken. Therefore, the undersigned does not address anything raised in the Sworn Statement in relation to McGrade Kruse's objection.

5

thirty-year age differential between her and Kruse is evidence of Kruse's intent to give her immediate access to some or all the funds in the Goldman Sachs account.

Yet none of McGrade Kruse's proffered evidence supports her assertion that she has ownership rights in the Goldman Sachs account because she has failed to show that Kruse had any intent to make a present gift of the funds he contributed to the account to her. Even if McGrade Kruse is a joint tenant with rights of survivorship, her right to the funds begins with Kruse's death because he contributed all the funds to the account. Therefore, because Kruse is alive and McGrade Kruse has failed to provide clear and convincing evidence of his intent to give her immediate access to the funds in the Goldman Sachs account that he contributed, the undersigned recommends that McGrade Kruse's objection be **OVERRULED**. [Doc. No. 109]. As a result, the undersigned recommends that Plaintiff's third motion for release of garnishement funds be **GRANTED**. [Doc. No. 105]. The undersigned also recommends that the Court **DIRECT** the clerk of this Court to remit the June 2013 funds deposited with the Court by Goldman, Sachs & Co., Inc. payable to Plaintiff's counsel, ROTHBERG LOGAN & WARSCO LLP, P.O. BOX 11194, FORT WAYNE, IN 46856. [Doc. No. 104].

**C.     NBH Bank's Motion to Intervene, Doc. No. 114**

On July 15, 2013, non-party NBH Bank, N.A., f/k/a Bank Midwest, the successor in interest to Hillcrest Bank ("NBH Bank") filed its Motion to Intervene. On July 24, 2013, Plaintiff filed its response in opposition. On July 31, 2013, NBH Bank filed its reply brief. Through its motion, NBH Bank seeks to intervene in this matter based on McGrade Kruse's objection to Plaintiff's third motion for release of garnishment funds, in which she requests that the June 2013 funds being held by this Court from the Goldman Sachs brokerage account be

6

distributed to her instead of Plaintiff.  NBH Bank holds a state court judgment against McGrade Kruse and others and wishes to intervene in this matter in order to protect its interest in all of the June 2013 funds that are owned by McGrade Kruse.  Assuming that McGrade Kruse's objection will be overruled as recommended by the undersigned, NBH Bank has no interest to protect in this matter.  Therefore, the undersigned recommends that NBH Bank's motion to intervene by **DENIED**. [Doc. No. 114].

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that

(1) Plaintiff's motion to strike Kristin McGrade Kruse's Sworn Statement be **GRANTED** [Doc. No. 120] and the Sworn Statement of Kristin McGrade be **STRICKEN** [Doc. No. 116-2];

(2) Plaintiff's third motion for release of garnishement funds be  **GRANTED**. [Doc. No. 105] and that the Clerk of this Court be **DIRECTED** to remit the June 2013 funds deposited with the Court by Goldman, Sachs & Co., Inc. payable to Plaintiff's counsel, ROTHBERG LOGAN & WARSCO LLP, P.O. BOX 11194, FORT WAYNE, IN 46856. [Doc. No. 104]; and

(3) NBH Bank's motion to intervene by **DENIED**. [Doc. No. 114].

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.  Fed.R.Civ.P. 72(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 18th day of October, 2013.

> S/Christopher A. Nuechterlein
> Christopher A. Nuechterlein
> United States Magistrate Judge